NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted March 29, 2012
Decided April 11, 2012

**Before**

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-3946

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois. |
| *v.* | No. 08 CR 928-2 |
| LAROY DANIELS, *Defendant-Appellant.* | William J. Hibbler, *Judge.* |

**O R D E R**

Laroy Daniels, a heroin addict without steady employment, wrote a note demanding cash and handed it to a bank teller, who gave him money. Emboldened by his success, Daniels then recruited three coconspirators—including a minor—telling them that robbing banks was easy and that he would teach them how. Alone and with his coconspirators, Daniels robbed a dozen banks in all. After his indictment, Daniels pleaded guilty to three counts of bank robbery, 18 U.S.C. § 2113(a), and stipulated for purposes of sentencing to nine more bank robberies. The district court sentenced Daniels within the guidelines imprisonment range to a total of 96 months. Daniels filed a notice of appeal, but his appointed lawyer represents that all potential claims are frivolous and thus moves to

withdraw under *Anders v. California*, 386 U.S. 738 (1967). Daniels has not responded to our invitation to respond to counsel's motion. *See* CIR. R. 51(b). We limit our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel first notes that Daniels does not want to challenge his convictions, and so counsel correctly omits discussion of possible challenges to the plea colloquy or the voluntariness of Daniels's guilty pleas. *See United States v. Vallar*, 635 F.3d 271, 289 (7th Cir. 2011); *United States v. Knox*, 287 F.3d 667, 670–72 (7th Cir. 2002).

Counsel advises that he found no basis in the record on which to challenge the district court's application of the guidelines, despite the district court's decision to apply the two-level upward adjustment for use of a minor over counsel's objection. *See* U.S.S.G. § 3B1.4. In objecting to the proposed increase, defense counsel had implied that Daniels and the minor were equal partners in crime, *see United States v. Ramsey*, 237 F.3d 853, 859–60 (7th Cir. 2001), because the minor was living with the other two coconspirators and had joined them in robbing a thirteenth bank without Daniels's assistance or tutelage. The district court rejected this view, relying instead on the minor's statements to police—which Daniels did not contest at the hearing—that Daniels specifically recruited him and taught him how to rob banks using demand notes. *See* U.S.S.G. § 3B1.4 cmt. n.1 (explaining that use of a minor includes "recruiting" and "training"); *United States v. Calimlim*, 538 F.3d 706, 717–18 (7th Cir. 2008); *Ramsey*, 237 F.3d at 859. The court then went on to calculate a guidelines imprisonment range of 78 to 97 months based on Daniels's numerous robberies and his recruitment of a minor (resulting in an offense level of 26)[1] and his extensive criminal history, including a first-degree murder conviction (placing him in a criminal history category of III).[2] Accordingly, we agree with counsel that the record presents no

---

[1] Robbery has a base offense level of 20, U.S.S.G. § 2B3.1(a), and this was increased for each count by 2 because Daniels took property (specifically, United States currency) from each victim financial institution, § 2B3.1(b)(1). One robbery involved the use of a minor, resulting in a 2-level increase to 24. § 3B1.4. The offense level then increased by 5—the maximum increase for multiple closely related counts—because Daniels had pleaded guilty to 3 robberies and stipulated to 9 more. § 3D1.4. That adjusted offense level of 29 was decreased by 3 for acceptance of responsibility, § 3E1.1(a)–(b), for a total offense level of 26.

[2] Daniels's 30-year murder sentence added 3 points to his criminal history, U.S.S.G. § 4A1.1(a), and a post-release conviction for heroin possession added 2 points, § 4A1.1(b),

(continued...)

potential challenge to the district court's calculation of the guidelines, nor to its application of the guidelines to Daniels.

Counsel also reports that the record provides no basis for any potential challenge to the prison sentence as substantively unreasonable. The court described the guidelines range as "somewhat inadequate" in light of the relevant factors under 18 U.S.C. § 3553(a), citing Daniels's extensive criminal history and his failure to reform despite spending more than a decade in prison. But after considering factors in mitigation raised by defense counsel, including Daniels's heroin addiction, the court sentenced Daniels to a total of 96 months. That sentence is within the guidelines range and thus is presumed reasonable. *United States v. Curtis*, 645 F.3d 937, 943 (7th Cir. 2011). Neither we nor counsel have identified any argument to rebut that presumption.

Counsel's motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.

---

[2](...continued)
which placed him in a criminal history category of III. Ch. 5, pt. A. Daniels's convictions for burglaries and other crimes committed before the murder were not counted because they were imposed more than 15 years before the bank robberies. § 4A1.2(e)(3).